**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
                                                  :
ANDREA WEBB, on behalf of herself and all         :
others similarly situated,                        :
                                                  :
                    Plaintiff,                    :    Civil Action No.
                                                  :
vs.                                               :    **CLASS ACTION COMPLAINT AND**
                                                  :    **JURY TRIAL DEMAND**
FEDERATED LAW GROUP, PLLC,                         :
                                                  :
                    Defendant.                    :
                                                  :
—————————————————X


Plaintiff ANDREA WEBB, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant FEDERATED LAW GROUP, PLLC ("Defendant"), the following:


**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.


## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues


## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Essex and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant FEDERATED LAW

GROUP ("FEDERATED") is a limited liability company organized under the laws of the

State of Florida with its principle place of business located at 887 Donald Ross Rd, Juno Beach, Florida 33408.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent s letter and/or notice from Defendant concerning a debt allegedly owned by CACH, LLC in which MBNA America, N.A. was the original creditor and in which the collection letters identified an amount owed that was greater than the amount billed or charged-off by the original creditor; or,

• All New Jersey consumers who were sent letters and/or notices from Defendant, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

• The Class period begins one year to the filing of this Action.

3

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibits A, B, and C**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.     Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§1692e, 1692f and 1692g;

    b.     Whether the initial collection letters included unitemized fees;

    c.     Whether Defendant misrepresented the amount of the alleged debt;

d.      Whether the Defendant demanded an amount owed that was greater than the actual balance due;

e.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

f.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

•   Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

•   Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

•   Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

•   A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.    Prior to July 19, 2013, Plaintiff allegedly incurred a financial obligation to MBNA, America N.A. for a credit card account ("the MBNA Debt").

15.    Prior to July 19, 2013, the MBNA Debt was allegedly sold, assigned or transferred to CACH, LLC.

16.    The MBNA Debt obligation arose out of a transaction in which money,

property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The alleged MBNA Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     MBNA, America N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     At some time prior to July 19, 2013, the MBNA Debt obligation became past due with a balance due of $22,839.41.  See, Attached Exhibit A.

20.     On or about July 31, 2013, the MBNA account was charged off and sold. See, attached, Exhibit B.

21.     At the time the MBNA Debt was charged off and sold, the balance total was $22,839.41.

22.     Based upon information and belief, the MBNA Debt was ultimately sold, transferred or assigned to CACH, LLC.

23.     When the MBNA Debt was sold, or otherwise transferred to CACH, LLC, the MBNA Debt was already delinquent and in default.

24.     At some point prior to July 23. 2015, the MBNA Debt was referred for collection by CACH, LLC to Defendant FEDERATED.

25.     At the time the MBNA Debt obligation was placed with FEDERATED, the balance was past due.

26.     On or about May 19, 2016, FEDERATED LAW GROUP, PLLC sent Plaintiff' attorney a collection letter indicating a current balance due of $23,486.54.  See, attached Exhibit C.

27.     The May 19, 2016 collection letter was Defendant's initial communication to Plaintiff.

28.     Defendant's May 19, 2016 collection letter demanded $647.13 more than the amount of the original creditor's final balance and the amount charged off by the original creditor MBNA America, N.A.

29.     The total amount due did not itemize how much was principal, interest or other charges.

30.     Plaintiff did not owe the additional $647.13 demanded in the collection letter, or if she did, it was an unreasonable collection fee, cost, or interest.

31.     The May 19, 2016 collection letter was sent in connection with the collection of the MBNA Debt obligation.

32.     The May 19, 2016 collection letters is a "communication" as defined by 15 U.S.C. §1692a(2).

33.     At the time Defendant sent out the May 19, 2016 collection letter, Cach, LLC was not properly licensed under the New Jersey Licensed Lender Act, N.J.S.A. § 17:11C-1, *et seq.*

34.     Cach, LLC was not entitled to seek payment nor collect interest for any consumer loans since it was not a New Jersey licensed consumer lender.  See, Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014).

35.     Defendant, an agent of unlicensed Cach, LLC, was not entitled to seek payment nor collect interest on behalf of Cach, LLC.

36.     Additionally, based upon information and belief, Defendant was not entitled to collect any post charge-off interest, since such interest was expressly or implicitly waived by the original creditor when it sold the account since the original creditor did not sell the right to continue the collection of interest.

37.     However, Defendant has charged Plaintiff interest in excess of the limits imposed N.J.S.A. section 31:1-1 and has attempted to collect such interest.

38.     In the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

39.     Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that was not separately itemized from the principal balance.

40.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

41.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

42.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

43.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

44.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The

Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

47.    It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA, by inter alia:

(a) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(b) attempting to collect interest, fees, penalties or other charges that it is not entitled to collect.

48.    On information and belief, Defendant made recorded message calls in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

49.    Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were set forth at length.

50.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection its collection attempts against Plaintiff and others similarly situated.

51.    Defendant's conduct of seeking to collect amounts in excess of what was owed and/or by seeking payment and interest on behalf of a non-licensed consumer lender violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken or that is not intended to be taken;

E.  15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

H.  15 U.S.C. §1692g and 15 U.S.C. §1692g(a)(1), by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

11

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
          May 19, 2017

                              Respectfully submitted,


                        By: s/ Lawrence C. Hersh
                            Lawrence C. Hersh, Esq.
                            17 Sylvan Street, Suite 102B
                            Rutherford, NJ  07070
                            (201) 507-6300
                            *Attorney for Plaintiff*


### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: May 19, 2017                By: s/ Lawrence C. Hersh
                                       Lawrence C. Hersh, Esq.

EXHIBIT A

**BankAmericard** | Rewards®

**Bank of America** 🦅

World MasterCard®

ANDREA WEBB /
Account Number: ███████ 3612
June 20 - July 19, 2013

**Account Information:**
www.bankofamerica.com

**Mail billing inquiries to:**
Bank of America
P.O. Box 982235
El Paso, TX 79998-2235

**Mail payments to:**
Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

**Customer Service:**
1.800.421.2110

(1.800.346.3178 TTY)

## Payment Information

| | |
|---|---|
| New Balance Total | $22,839.41 |
| Current Payment Due | $539.00 |
| Past Due Amount | $3,639.00 |
| Total Minimum Payment Due | $4,178.00 |
| Payment Due Date | 8/16/13 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment by the date listed above, you may have to pay a late fee of up to **$35.00** and your APRs may be increased up to the Penalty APR of **29.99%**.

**Total Minimum Payment Warning:** If you make only the Total Minimum Payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will payoff the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the Total Minimum Payment | 34 years | $46,531.81 |

If you would like information about credit counseling services, call 1-866-300-5238.

## Account Summary

| | |
|---|---|
| Previous Balance | $22,525.17 |
| Payments and Other Credits | 0.00 |
| Purchases and Adjustments | 0.00 |
| Fees Charged | 35.00 |
| Interest Charged | 279.24 |
| New Balance Total | $22,839.41 |
| Total Credit Line | $22,200.00 |
| Cash Credit Line | $6,700.00 |
| Statement Closing Date | 7/19/13 |
| Days in Billing Cycle | 30 |

## Transactions

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| | | **Fees** | | | | |
| 07/16 | 07/16 | LATE FEE FOR PAYMENT DUE 07/16 | 2525 | | 35.00 | |
| | | TOTAL FEES FOR THIS PERIOD | | | | $35.00 |
| | | **Interest Charged** | | | | |
| 07/19 | 07/19 | Interest Charged on Purchases | | | 279.24 | |
| 07/19 | 07/19 | Interest Charged on Balance Transfers | | | 0.00 | |
| 07/19 | 07/19 | Interest Charged on Dir Dep&Chk CashAdv | | | 0.00 | |
| | | continued on next page... | | | | |

16    0228394100417800000565000-████████3612

BANK OF AMERICA
P.O. BOX 15019
WILMINGTON, DE 19886-5019

Account Number: ████████3612

| | |
|---|---|
| New Balance Total | $22,839.41 |
| Total Minimum Payment Due | 4,178.00 |
| Payment Due Date | 08/16/13 |

ANDREA WEBB
██████████ ████

Enter payment amount $ [    ][    ][    ][    ][    ][    ]

☐ Check here for a change of mailing address or phone numbers.
Please provide all corrections on the reverse side.
Mail this coupon along with your check payable to: Bank of America

  ████3612

**IMPORTANT INFORMATION ABOUT THIS ACCOUNT**

USE711 Rev. 06/11

### CUSTOMER TIPS FOR DISPUTED ITEMS

Many times disputed charges are legitimate charges that customers may not recognize or remember. Before disputing a charge, we recommend that you verify a few things and make every effort to resolve the dispute with the merchant. Often the merchant can answer your questions and easily resolve your dispute. The merchant's phone number may be located on your receipt or billing statement.

- **Has a credit posted to your account?**
  Please allow up to 30 days from the date on your credit voucher or acknowledgement letter for the merchant credit to post.

- **Is the charge or amount unfamiliar?**
  Check with other persons authorized to use the account to make sure they did not make the charge. It is possible that the merchants' billing names and store names are different or amounts can easily be confused with similar charges or include tips.

One way to check for the credits or to view transaction details is to look at your account statements online. If you are not enrolled in Online Banking, it is easy to enroll using the web address on the front of your statement or give us a call.

Please remember: If you find an error on your bill, you must notify us no later than 60 days after we sent your first statement on which the error or problem appeared to preserve your billing rights.



**ONLINE**
Online Banking is available 24 hours a day, 7 days a week and allows you to view the most recent activity on your account.



**PHONE**
1.866.266.0212
For prompt service, please have the merchant reference number(s) available for the charge(s) in question.



**MAIL**
Attn: Billing Inquiries PO Box 982235, El Paso, TX 79998
When writing, please include Your Name, Account Number, the Disputed Amount, Merchant Name, Transaction Date, and reference number of the disputed item and specific details regarding your dispute, including dates of contact with the merchant and the merchant's response in each instance. Please include all supporting documentation, including sales and credit vouchers, contract and postage return receipts as proof of any returns.

### PAYING INTEREST

We will not charge interest on Purchases on the next statement if you pay the New Balance Total in full by the Payment Due Date, and you had paid in full by the previous Payment Due Date. We will begin charging interest on Balance Transfers and Cash Advances on the transaction date.

### CALCULATION OF BALANCES SUBJECT TO INTEREST RATE

**Average Daily Balance Method (including new Purchases):**

We calculate separate Balances Subject to an Interest Rate for Purchases and for each Introductory or Promotional Offer balance consisting of Purchases. We do this by: (1) calculating a daily balance for each day in the billing cycle; (2) adding all the daily balances together; and (3) dividing the sum of the daily balances by the number of days in the billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we: (1) take the beginning balance; (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) add new Purchases, new Account Fees, and new Transaction Fees; and (4) subtract applicable payments and credits. If any daily balance is less than zero we treat it as zero.

**Average Daily Balance Method (including new Balance Transfers and new Cash Advances):**

We calculate separate Balances Subject to an Interest Rate for Balance Transfers, Cash Advances, and for each Introductory or Promotional Offer balance consisting of Balance Transfers or Cash Advances. We do this by: (1) calculating a daily balance for each day in this statement's billing cycle; (2) calculating a daily balance for each day prior to this statement's billing cycle that had a "Pre-Cycle balance" — a Pre-Cycle balance is a Balance Transfer or a Cash Advance with a transaction date prior to this statement's billing cycle but with a posting date within this statement's billing cycle; (3) adding all the daily balances together; and (4) dividing the sum of the daily balances by the number of days in this statement's billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we: (1) take the beginning balance; (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) add new Balance Transfers, new Cash Advances and Transaction Fees; and (4) subtract applicable payments and credits. If any daily balance is less than zero we treat it as zero.

To calculate a daily balance for each day prior to this statement's billing cycle that had a Pre-Cycle balance; (1) we take the beginning balance attributable solely to Pre-Cycle balance (which will be zero on the transaction date of the first Pre-Cycle balance); (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) and add only the applicable Pre-Cycle balances and their related Transaction Fees. We exclude from this calculation all transactions posted in previous billing cycles.

### PAYMENTS

We credit mailed payments as of the date received, if the payment is: (1) received by 5 p.m. local time at the address shown on the remittance slip on the front of your monthly statement; (2) paid with a check drawn in U.S. dollars on a U.S. financial institution or a U.S. dollar money order; and (3) sent in the return envelope with only the remittance portion of your statement accompanying it. Payments received by mail after 5 p.m. local time at the remittance address on any day including the Payment Due Date, but that otherwise meet the above requirements, will be credited as of the next day. Payments made online or by phone will be credited as of the date of receipt if made by 5 p.m. Central. Credit for any other payments may be delayed up to five days.

No payment shall operate as an accord and satisfaction without the prior written approval of one of our Senior Officers.

We process most payment checks electronically by using the information found on your check. Each check authorizes us to create a one-time electronic funds transfer (or process it as a check or paper draft). Funds may be withdrawn from your account as soon as the same day we receive your payment. Checks are not returned to you. For more information or to stop the electronic funds transfers, call us at the number listed on the front.

If you have authorized us to pay your credit card bill automatically from your savings or checking account with us, you can stop the payment on any amount you think is wrong. To stop payment, your letter must reach us at least three business days before the automatic payment is scheduled to occur.

### TOTAL INTEREST CHARGE COMPUTATION

Interest Charges accrue and are compounded on a daily basis. To determine the Interest Charges we multiply each Balance Subject to Interest Rate by its applicable Daily Periodic Rate and that result is multiplied by the number of days in the billing cycle. To determine the total Interest Charge for the billing cycle, we add the Periodic Rate Interest Charges together. A Daily Periodic Rate is calculated by dividing an Annual Percentage Rate by 365.

### HOW WE ALLOCATE YOUR PAYMENTS

If your account has balances with different APRs, we will allocate the amount of your payment equal to the Total Minimum Payment Due to the lowest APR balances first (including transactions made after this statement). Payment amounts in excess of your Total Minimum Payment Due will be applied to balances with higher APRs before balances with lower APRs.

### IMPORTANT INFORMATION ABOUT PAYMENTS BY PHONE

When using the optional Pay-by-Phone service, you authorize us to initiate an electronic payment from your account at the financial institution you designate. You must authorize the amount and timing of each payment. For your protection, we will ask for security information. A fee may apply for expedited service. To cancel, call us before the scheduled payment date. Same-day payments cannot be edited or canceled.

### YOUR CREDIT LINES

The Total Credit Line is the amount of credit available for the account; however, only a portion of that is available for Bank Cash Advances. The Cash Credit Line is that amount you have available for Bank Cash Advances. Generally, Bank Cash Advances consist of ATM Cash Advances, Over the Counter (OTC) Cash Advances, Same-Day Online Cash Advances, Overdraft Protection Cash Advances, Cash Equivalents, Returned Payments, and applicable transaction fees.

### MISCELLANEOUS

**Promotional Rate End Date:** This date is based on a future statement closing date. If you change your payment due date, this date could change. Transactions must meet offer conditions in order to qualify for the promotional rate.

For the complete terms and conditions of your account, consult your Credit Card Agreement. FIA Card Services is a tradename of FIA Card Services, N.A. This account is issued and administered by FIA Card Services, N.A.

If your billing address or contact information has changed, or if your address is incorrect as it appears on this bill, please provide all corrections here.

Address 1 _____

Address 2 _____

City _____

State _____ Zip _____

Area Code &
Home Phone _____

Area Code &
Work Phone _____

**BankAmericard** | Rewards®

**Bank of America** 🦅

World MasterCard®

▬▬▬▬▬ 3612
June 20 - July 19, 2013
Page 3 of 4

## Transactions continued

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| 07/19 | 07/19 | Interest Charged<br>Interest Charged on Bank Cash Advances<br>TOTAL INTEREST FOR THIS PERIOD | | | 0.00 | |
| | | | | | | $279.24 |

### 2013 Totals Year-to-Date

| | |
|---|---|
| Total fees charged in 2013 | $245.00 |
| Total interest charged in 2013 | $2,003.35 |

## Important Messages

Your statement balance exceeds the Total Credit Line. To ensure uninterrupted use of your account, please make a payment to bring your balance under the Total Credit Line. There is no fee for being over your Total Credit Line.

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| | Annual Percentage Rate | Promotional Transaction Type | Promotional Offer ID | Promotional Rate Until | Balance Subject to Interest Rate | Interest Charges by Transaction Type |
|---|---|---|---|---|---|---|
| Purchases | 14.99%V | | | | $22,664.48 | $279.24 |
| Balance Transfers | 14.99%V | | | | $ 0.00 | $ 0.00 |
| Direct Deposit and Check Cash Advances | 21.99%V | | | | $ 0.00 | $ 0.00 |
| Bank Cash Advances | 24.99%V | | | | $ 0.00 | $ 0.00 |

APR Type Definitions: Daily Interest Rate Type: V= Variable Rate (rate may vary)

EXHIBIT B

ANDREA WEBB /
Account Number █████████ 9333
July 20 - August 28, 2013

**Account Information:**
www.bankofamerica.com

**Mail billing inquiries to:**
Bank of America
P.O. Box 982235
El Paso, TX 79998-2235

**Mail payments to:**
Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

**Customer Service:**
1.888.793.6262

(1.800.346.3178 TTY)

## Payment Information

| | |
|---|---|
| New Balance Total | $0.00 |
| Current Payment Due | $0.00 |
| Total Minimum Payment Due | $0.00 |
| Payment Due Date | 9/24/13 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment by the date listed above, your APRs may be increased up to the Penalty APR of 29.99%.

## Account Summary

| | |
|---|---|
| Previous Balance | $22,839.41 |
| Payments and Other Credits | −22,839.41 |
| Purchases and Adjustments | 0.00 |
| Fees Charged | 0.00 |
| Interest Charged | 0.00 |
| New Balance Total | $0.00 |
| Total Credit Line | $0.00 |
| Cash Credit Line | $6,700.00 |
| Statement Closing Date | 8/28/13 |
| Days in Billing Cycle | 40 |

## Transactions

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| | | **Payments and Other Credits** | | | | |
| 08/22 | 08/22 | ZERO CURBL ON SOLD ACCT | | | −22,839.41 | |
| | | | | | | −$22,839.41 |
| | | **Purchases and Adjustments** | | | | |
| 08/28 | 08/28 | + TRANS FROM  5466340011983612  22,839 | | | 0.00 | |
| | | | | | | $0.00 |
| | | **Interest Charged** | | | | |
| 08/28 | 08/28 | Interest Charged on Purchases | | | 0.00 | |
| 08/28 | 08/28 | Interest Charged on Balance Transfers | | | 0.00 | |
| 08/28 | 08/28 | Interest Charged on Dir Dep&Chk CashAdv | | | 0.00 | |
| 08/28 | 08/28 | Interest Charged on Bank Cash Advances | | | 0.00 | |
| | | **TOTAL INTEREST FOR THIS PERIOD** | | | | $0.00 |

## 2013 Totals Year-to-Date

| | |
|---|---|
| Total fees charged in 2013 | $245.00 |
| Total interest charged in 2013 | $2,003.35 |

23     0000000000000000000565000█████████9333

BANK OF AMERICA
P.O. BOX 15019
WILMINGTON, DE 19886-5019

Account Number: ████████ 9333

| | |
|---|---|
| New Balance Total | $0.00 |
| Total Minimum Payment Due | 0.00 |
| Payment Due Date | 09/24/13 |

ANDREA WEBB
████████████

Enter payment amount  $ ☐☐☐☐☐☐☐☐

☐  Check here for a change of mailing address or phone numbers.
*Please provide all corrections on the reverse side.*
Mail this coupon along with your check payable to: Bank of America



█████████    █████████  9333 ▌

 9333
July 20 - August 28, 2013
Page 3 of 4

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| | Annual Percentage Rate | Promotional Transaction Type | Promotional Offer ID | Promotional Rate Until | Balance Subject to Interest Rate | Interest Charges by Transaction Type |
|---|---|---|---|---|---|---|
| Purchases | 0.00% | | | | $0.00 | $0.00 |
| Balance Transfers | 0.00% | | | | $0.00 | $0.00 |
| Direct Deposit and Check Cash Advances | 0.00% | | | | $0.00 | $0.00 |
| Bank Cash Advances | 0.00% | | | | $0.00 | $0.00 |

EXHIBIT C

# FEDERATEDLAWGROUP, PLLC

May 19, 2016

Lawrence C. Hersh, Esq.
17 Sylvan Street Suite 102B
Rutherford, NJ 07070

**Attorneys for Federated Law Group, PLLC**

**ATTORNEYS:**
Bryan Manno, Esq.
*Licensed In FL
Durwood A. Hunter, Esq.
*Licensed In FL
Jared Margulis, Esq.
*Licensed In FL, PA & NJ
Jeremy A. Softler, Esq.
*Licensed In FL
Richard A. Russell, Esq.
*Licensed in FL, GA, NV & UT
Thomas C. Cifelli, Esq.
*Licensed in FL, NJ & OH
Tina D. Gayle, Esq.
*Licensed In FL

**OF COUNSEL:**
Blake E. Oakes, Esq.
*Licensed in LA
Giancarlo Olano-
Lavergne, Esq.
*Licensed In FL & PR
Miguel A. Maza, Esq.
DBA Maza & Associates
*Licensed In PR

**MAIN OFFICE**
13205 US Highway 1 #555
Juno Beach, FL 33408
p. 888.321.1086
f. 800.391.2178

**PUERTO RICO OFFICE:**
33 Bolivar St. Suite 203
San Juan, PR 00917
p. 888.321.1086
f.800.391.2178

**email:**
info@federatedlaw.com

**website:**
www.federatedlaw.com

Agents of the Firm speak English
and Spanish

| | |
|---|---|
| **Re: Your Client:** | ANDREA WEBB |
| **Current Creditor:** | CACH, LLC |
| **Account No.:** | ████0724 |
| **Original Creditor:** | MBNA America, N.A. |
| **Original Creditor Account No.:** | ████3612 |
| **Current Balance:** | $23,486.54 |

Dear Lawrence C. Hersh:

We are contacting you regarding the above referenced account. As you or your client are likely aware, your client's account was previously placed for collection with another law firm and litigation was commenced. The Creditor listed above has now reassigned your client's account to our office. The Amount of Debt stated above is the amount placed for collection by the Creditor with our office as of the date of this letter.

Because this is our first communication with you, we must advise you of the following: Unless you or your client, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you or your client notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against your client and a copy of such verification or judgment will be mailed to you by us. Upon you or your client's written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.

Please note that litigation does not alter the rights explained in the prior paragraph. If you or your client request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

Please feel free to contact our office if you have any questions or if you would like to discuss a resolution of your client's account.

Sincerely,

Federated Law Group, PLLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN
ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.**

**CALLS TO AND FROM FEDERATED LAW GROUP, PLLC MAY BE
MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

**IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE**